IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERA M. BRUNER-McMAHON,
Administrator of the Estate of TERRY
ALBERT BRUNER, Deceased, et al.,

       Plaintiffs,

v.                                                   Case No. 10-1064-KHV-GLR

COUNTY OF SEDGWICK,
et al.,

       Defendants.

## MEMORANDUM AND ORDER

Before the Court is a Motion to Compel Discovery (ECF No. 206), filed by Defendant Stanton County Board of Commissioners ("Defendant") on June 7, 2011. Defendant seeks to compel Plaintiffs to produce documents in response to its Fourth Request for Production of Documents ("Fourth Request"). For the reasons set out below, the Court grants the motion.

**I.  Nature of the Matter Before the Court**

In its Fourth Request, Defendant sought (1) documents "sent to, or received from Terry Albert Bruner in the years 2000-2008" and (2) "all photographs and/or videos of Terry Albert Bruner."[1] For both requests, Plaintiffs responded: "These documents are still being searched for and upon location and/or retrieval of same, will be produced via supplemental response."[2] As the deadline for moving to compel production approached,[3] Defendant filed the instant motion on June

---

[1] *See* Fourth Request for Production to Pls., attached as Ex. A to Mem. Supp. Mot. Compel ("Mem. Supp.").

[2] *See* Pls.' Resp. to Fourth Request for Production, attached as Ex. B to Mem. Supp.

[3] *See* D. Kan. Rule 37.1(b) (setting a thirty-day deadline for filing motions to compel).

7, 2011. Plaintiffs oppose the motion on grounds that they timely responded to the request and have produced responsive documents in a supplemental response.[4] They also state that they will provide further supplementation when they gain possession of other responsive documents.[5] Defendant replies that Plaintiffs have a duty to diligently and properly attempt to locate and obtain responsive documents.[6] The fully-briefed motion is ripe for ruling.

**II.     Discussion**

Defendant sought production of two categories of items under Fed. R. Civ. P. 34. In the absence of an objection, parties responding to a Rule 34 request have a duty to produce all documents or designated tangible things within their "possession, custody, or control."[7] Pursuant to Fed. R. Civ. P. 37(a), parties may move to compel production of items not produced.[8]

Plaintiffs urge the Court to deny the instant motion on grounds that they have produced documents in their possession. Such production, however, does not necessarily satisfy their duty of pro-

---

[4] Pl.'s Resp. Opp'n Mot. Compel ("Pls.' Resp.") (ECF No. 218) at 1. The response uses the singular "plaintiff", but appears to be a response on behalf of all plaintiffs.

[5] *Id.*

[6] Reply Supp. Mot. Compel (ECF No. 221) at 1.

[7] Fed. R. Civ. P. 34(a)(1) and (b)(2).

[8] Rule 37(a)(1) requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Defendant has not filed the required certificate of conference. It has attached emails, however, which show that some efforts to confer were made before the filing of the motion to compel. *See* Exs. C and D attached to Mem. Supp. Plaintiffs, furthermore, do not rely on the lack of certificate in opposing the motion. *See* Pls.' Resp. Accordingly, the Court decides the motion on its merits. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996) (recognizing that even when a party fails to comply with the conference requirements, "it remains within the discretion of the court to consider the motion on its merits").

duction. Rule 34 not only requires production of items in a party's possession but also requires production of items in the party's custody or control. "Control" is a broad concept that encompasses the "right, authority, or ability to obtain" requested items.[9] When a party "has the legal right to obtain documents on demand", the documents are subject to production under Rule 34.[10] Consequently, "Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party, if such party has retained any right or ability to influence the person in whose possession the documents lie."[11] The party seeking production under Rule 34 has the burden to prove that the responding party has the requisite control.[12]

Here, Plaintiffs do not argue that they lack control of other responsive items. They simply contend that they have satisfied their duty of production by producing documents in their possession. The contention ignores the further requirements of Rule 34. Production of just some responsive documents is not sufficient. Accordingly, the Court grants the motion to compel. Plaintiffs shall produce all items in their possession, custody, or control that are responsive to the requests at issue. If they have already done so, they shall serve a supplemental response that affirms that they have produced all requested items.

When the Court grants a motion to compel, the moving party is generally entitled to recover its reasonable fees and expenses.[13] Rule 37(a)(5)(A) precludes such recovery, however, when "the

---

[9]*Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004).

[10]*Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999).

[11]*Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007).

[12]*Id.* at 516.

[13]*See* Fed. R. Civ. P. 37(a)(5)(A).

movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or "other circumstances make an award of expenses unjust."[14]  In this case, Defendant filed the instant motion without the requisite certification showing good faith efforts to confer; thus depriving the Court of information pertinent to the issue of expenses.  Regardless of good faith efforts to confer, the Court finds that the circumstances in general make an award of expenses or fees unjust.

**IT IS THEREFORE ORDERED** that the Motion to Compel Discovery (ECF No. 206) filed by Defendant Stanton County Board of Commissioners is granted.  Within thirty days of the date of this Order, Plaintiffs shall produce all items responsive to Defendant's Fourth Request for Production of Documents.  Said production shall take place at the offices of defense counsel or at any other location to which the parties agree.  An award of expenses or fees is inappropriate under the circumstances.  Each party shall bear its own attorney fees and expenses incurred in connection with the motion to compel.

Dated in Kansas City, Kansas on this 23rd day of August, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[14] Fed. R. Civ. P. 37(a)(5)(A)(i) and (iii).