IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERA M. BRUNER-McMAHON**, as Administrator of the Estate of **TERRY ALBERT BRUNER, Deceased, et al.,** ) ) ) ) | |
| **Plaintiff,** ) ) | CIVIL ACTION No. 10-1064-KHV |
| **v.** ) ) | |
| **COUNTY OF SEDGWICK, et al.,** ) ) | |
| **Defendants.** ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Sedgwick County Defendants' Motion For Consideration Of Summary Judgment Exhibits (Doc. #290) filed October 28, 2011. For reasons stated below, the Court sustains defendants' motion.

On September 23, 2011, the Sedgwick County defendants electronically filed their motion for summary judgment and supporting memorandum. Defense counsel erroneously believed that he had attached the supporting exhibits, including some 23 declarations. In fact, the electronic filing did not include any exhibits. Instead of alerting defense counsel to the error, on October 27, 2011, plaintiffs filed a 94-page response which asserted in part that defendants did not support many of their alleged facts with record evidence, testimony or pleadings.[1] See Plaintiffs' Memorandum In Opposition To Sedgwick Defendants' Motion For Summary Judgment (Doc. #283) at 6, 8, 11, 17-46. Defense counsel learned of the mistake late on October 27, 2011, and he electronically filed the exhibits the next day.

Defendants seek leave to amend the memorandum in support of their motion for summary

---

[1] Plaintiffs' counsel, Lee Barnett, sought and received two extensions of time to file a response in opposition to defendants' motion for summary judgment.

judgment to add their exhibits. Defense counsel explains that he mistakenly docketed the motion for summary judgment and supporting memorandum without docketing the exhibits.[2] Under Rule 56 of the Federal Rules of Civil Procedure, if a party fails to properly support an assertion of fact, the Court has discretion to give the party an opportunity to properly support the fact or issue any other appropriate order. Fed. R. Civ. P. 56(e).

In its discretion, the Court grants defendants leave to supplement their motion for summary judgment with the declarations and exhibits which they reference in their memorandum. Although defendants did not attach the exhibits to their supporting memorandum, they provided numerous references to the exhibits which gave plaintiffs notice of their contents. For example, paragraph 12 of defendants' statement of facts outlines the layout of a portion of the Sedgwick County Jail and cites 22 declarations with specific paragraph references in support of that fact. See Memorandum In Support Of Motion For Summary Judgment (Doc. #271) filed September 23, 2011 at 8-9. In these circumstances and in the spirit of professional collegiality, plaintiffs' counsel should have simply asked defense counsel about the missing exhibits. Instead, plaintiffs' counsel sought to penalize defendants for counsel's obvious clerical error.[3] Is life not too short for this type of sharp

---

[2] Defense counsel claims that he would have filed the exhibits with the memorandum but for his "problem" and "lack of proficiency" with the ECF system. Doc. #293 at 1, 3. Defense counsel refers to a "technical failure," id. at 2, but it appears that he simply was not familiar with the procedure for attaching exhibits. Even so, counsel's omission appears to have been in good faith and not for any strategic reason.

[3] Plaintiffs' counsel also argues that the Court should not consider defendants' motion for leave to consider the exhibits because contrary to local rules, defendants did not cite any authority for their requested relief and did not file a brief or memorandum in support of their motion in violation of local rules. D. Kan. Rule 7.6(a) states that briefs and memoranda must contain citation of all authorities relied upon, but it does not require a party to cite authority for every request. Likewise, D. Kan. Rule 7.1(a) states that a brief or memorandum must accompany certain motions, but it does not expressly require that the brief or memorandum be in a separate document. Cf. Wood v. City of Topeka, No. 01-4016-SAC, 2003 WL 21289983, at *1 (D. Kan. May 23, 2003) (rule contemplates that motion and supporting memorandum be filed as two separate documents);
(continued...)

dealing with courts and fellow lawyers?[4]

Plaintiffs argue that they would be prejudiced if the Court permits defendants to supplement the record, but they have not shown or argued that their response would have been different if defendants had attached the exhibits to their original memorandum. Indeed from the Court's preliminary review of plaintiffs' opposition brief, it appears that plaintiffs have already set forth argument and evidence which attempts to contest the purported substance of the exhibits. Courts prefer to decide cases on the merits rather than on technicalities. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982). Accordingly, the Court sustains defendants' motion.

---

[3](...continued)
Beach v. Mutual of Omaha Ins. Co., No. 02-2124, 2003 WL 144685, at *2 (D. Kan. Jan. 3, 2003) (filing motion and memorandum as one document does not technically comply with Rule 7.1). Just as parties can file multiple motions in one document, they can combine a motion and supporting memorandum in one document without violating D. Kan. Rule 7.1(a).

[4] Plaintiffs' counsel notes that defense counsel's failure to timely file the exhibits has resulted in the "disruption of smooth litigation, and interfered with judicial economy." Doc. #292 at 6. The Court finds that this characterization better describes plaintiffs' counsel's failure to pick up the phone or type a short e-mail to notify defense counsel of an obvious clerical error. Ironically, plaintiffs' counsel seeks to penalize defense counsel who agreed not to object to either of plaintiffs' motions for extension of time to file an opposition brief.

Plaintiffs' counsel seems unfamiliar with the level of professionalism, courtesy and cooperation which the Court expects of counsel, particularly in light of the bulging criminal and civil caseloads which each judge in this District carries (including judges who are fully eligible for retirement but choose to labor on). In the future, counsel should exercise prudent judgment about what problems can be resolved without judicial intervention and what kind of reputation he wants to build for a lifetime in the legal profession. See Morning Star Packing Co., L.P. v. Crown Cork & Seal Co. (USA), Inc., 303 Fed. Appx. 399, 407 (9th Cir. 2008) (public's low opinion of legal profession supported by "gotcha" tactics employed by counsel); Cesar v. Rubie's Costume Co., Inc., 219 F.R.D. 257, 261 (E.D.N.Y. 2004) (unconscionable to permit plaintiff to take advantage of clerical error on part of defense counsel); Int'l Oil, Chem. & Atomic Workers, Local 7-517 v. Uno-Ven Co., No. 97-C-2663, 1998 WL 100264, at *4 (N.D. Ill. Feb. 23, 1998) (litigation process and profession better served if attorneys deal with each other on basis of cooperation and not technical niceties of trying to stick it to the other side based on inadvertent mistake by paralegal or clerk), aff'd, 170 F.3d 779 (7th Cir. 1999); Resolution Trust Corp. v. First of Am. Bank, 868 F. Supp. 217, 219-20 (W.D. Mich. 1994) (while lawyers have obligation to vigorously advocate positions of their clients, obligation does not include duty to take advantage of clerical mistake by opposing counsel's staff).

-4-

**IT IS THEREFORE ORDERED** that the Sedgwick County Defendants' Motion For Consideration Of Summary Judgment Exhibits (Doc. #290) filed October 28, 2011 be and hereby is **SUSTAINED**.

Dated this 7th day of November, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge